People v Sajous (2025 NY Slip Op 51170(U))

[*1]

People v Sajous (Karim)

2025 NY Slip Op 51170(U)

Decided on July 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-1113 W CR

The People of the State of New York, Respondent,
against
Karim Sajous, Appellant. 

Richard L. Herzfeld, for appellant.
Westchester County District Attorney (William C. Millaccio of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the City Court of White Plains, Westchester County (Eric P. Press, J.), imposed July 24, 2024, upon his conviction of leaving the scene of an incident without reporting, following his plea of guilty.

ORDERED that the sentence is affirmed.
Defendant was charged, in separate simplified traffic informations, with reckless driving (Vehicle and Traffic Law § 1212), leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2] [a]), two counts of speeding (Vehicle and Traffic Law § 1180 [a], [d]), failure to obey a traffic-control signal (Vehicle and Traffic Law § 1111 [d] [1]), failing to signal (Vehicle and Traffic Law § 1163 [d]), distorted visibility (Vehicle and Traffic Law § 375 [22]), failure to obey a lawful order (Vehicle and Traffic Law § 1102), failure to obey a traffic-control device (Vehicle and Traffic Law § 1110 [a]), and driver's view obstructed (Vehicle and Traffic Law § 375 [30]), respectively. Defendant pleaded guilty to leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2] [a]) in full satisfaction of all charges and was sentenced to 364 days in a youth shelter in accordance with the plea agreement. On appeal, defendant contends that his waiver of appeal was invalid and that his sentence was excessive and should be reduced to 90 days.
As the People acknowledge, defendant's waiver of his right to appeal was invalid because the City Court's oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal (see People v Stinson, 189 AD3d 1271 [2020]). The court failed to clarify that select issues survive the appeal waiver (see People v Thomas, 34 NY3d 545, 566 [2019]), and did not explain that the appellate rights defendant was waiving were separate and distinct from the rights automatically forfeited by pleading guilty (see People v Chy, 184 AD3d 664, 665 [2020]; People v Feigelson, 78 Misc 3d 23 [App Term, 2d Dept, 9th & 10th Jud Dists [*2]2023]). Thus, the waiver of the right to appeal is not enforceable.
While an intermediate appellate court has the power to reduce an unduly harsh or severe sentence (see People v Brisman, _NY3d_, 2025 NY Slip Op 00123 [2025]), here, we find that the bargained-for sentence was neither harsh nor excessive.
Accordingly, the sentence is affirmed.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 17, 2025